SENTENCIA
Los peticionarios, el secretario de justicia Roberto Sán-chez Ramos y el Secretario de Departamento de la Familia Félix Matos Rodríguez, ambos en su capacidad oficial, así como la ex Secretaria del Departamento de la Familia, Yolanda Zayas Santana, impugnan la sentencia que pronun-ció el Tribunal de Apelaciones el 5 de septiembre de 2006. En la sentencia se revocó la determinación del Tribunal de Primera Instancia que había denegado un requerimiento de información dirigido por la Comisión de Bienestar Social de la Cámara de Representantes de Puerto Rico al De-partamento de la Familia y al Departamento de Justicia. A continuación relatamos los hechos pertinentes a la contro-versia que debemos resolver.
I
El 13 de septiembre de 2005, la Cámara de Represen-tantes aprobó la Resolución Núm. 2756 que ordena a la Comisión de Bienestar Social de la Cámara de Represen-tantes de Puerto Rico (la Comisión) a “realizar una inves-tigación en torno a los procedimientos seguidos por el De-partamento de la Familia en el caso del niño Matthew Elias Amigo y sus hermanos”. Apéndice de la Petición de certiorari, pág. 90. Según la Exposición de Motivos de la *391 Resolución, “el lamentable deceso de este niño ha desta-pado una serie de sucesos que ponen en entredicho el tra-bajo del Departamento de la Familia y del Registro Demo-gráfico de Puerto Rico”. íd, págs. 91-92. Así, la investi-gación tiene el propósito de “identificar las posibles accio-nes administrativas y legislativas que deban adoptarse” con relación a lo investigado. íd. Según la autoridad confe-rida por la Resolución, y de acuerdo con los poderes confe-ridos a la Asamblea Legislativa por el Art. 31 del Código Político, 2 L.P.R.A. see. 151, el 16 de septiembre de 2005 la Comisión requirió a los Secretarios de ambos Departamen-tos “la reproducción y entrega de todos aquellos documen-tos, expedientes, e información que obre en poder” de dichos Departamentos relacionados con el caso del niño Matthew Elias Amigo, sus hermanos y demás personas implicadas. Apéndice de la Petición de certiorari, págs. 93 y 94. La vista para testificar y presentar documentos fue se-ñalada para el 22 de septiembre de 2005.
El día de la vista, el Departamento de la Familia cursó una misiva al presidente de la Comisión, el representante Rolando Crespo Arroyo, en la cual adujo que el Art. 26 de la Ley Núm. 177 de 1 de agosto de 2003, mejor conocida como la Ley para el Bienestar y la Protección Integral de la Ni-ñez, 8 L.P.R.A. sec. 446e, establecía la confidencialidad de los expedientes solicitados, por tratarse de expedientes ge-nerados en la ejecución de la citada ley. El Departamento de la Familia argüyó, además, que el Art. 27 de la Ley Núm. 177 (8 L.P.R.A. sec. 446f) era muy específico al enu-merar las personas con el derecho a tener acceso a los ex-pedientes y las circunstancias en las cuales se autorizaba dicho acceso, pues el interés en su confidencialidad era de gran magnitud. También aclaró que las excepciones a la confidencialidad de la Ley Núm. 177 (8 L.P.R.A see. 444 et seq.) tampoco garantizaban la entrega de los expedientes. El Departamento alegó que la Resolución que autorizaba *392 la investigación de la Comisión era defectuosa, puesto que no le autorizaba literalmente a emitir citaciones para reci-bir documentos y expedientes. Por último, el Departa-mento manifestó que el caso del menor Matthew Elias Amigo se estaba dilucidando en el Tribunal de Primera Instancia,(1) que había impuesto una “orden de mordaza” a las partes en el proceso, por lo que el Departamento de la Familia no podía divulgar información alguna en cuanto a dichos procedimientos judiciales.
En la misma fecha, el Departamento de Justicia envió una carta al Presidente de la Comisión para señalarle que, de acuerdo con la Ley Orgánica del Departamento de Jus-ticia, Ley Núm. 205 de 9 de agosto de 2004 (3 L.P.R.A. see. 291 et seq.), específicamente su Art. 13, la información con-tenida en los expedientes solicitados era confidencial. 3 L.P.R.A. sec. 292j. Ello porque la Ley Núm. 177, supra, declaraba su confidencialidad en sus Arts. 26 y 27, supra. El Departamento de Justicia esbozó algunas de las doctri-nas formuladas por este Tribunal sobre el tema del acceso a la información del ejecutivo para resaltar la constitucio-nalidad de las leyes citadas, que establecen la confidencia-lidad de la información ejecutiva. Finalmente, el Departa-mento de Justicia indicó que el expediente del Ministerio Público estaba cobijado por el privilegio evidenciario esta-blecido en la Regla 31 de Evidencia, 32 L.P.R.A. Ap. IV.
No obstante, ambos Departamentos expresaron su dis-posición a cooperar con la Rama Legislativa para apoyar acciones legislativas adecuadas que tuvieran el fin de pro-mover el bienestar de los menores en nuestra jurisdicción.
Ante la incomparecencia de los Secretarios de ambos Departamentos, la Comisión los citó a una vista ejecutiva que sería celebrada el 5 de octubre de 2005. Asistieron a la vista ejecutiva la Leda. Betsy Asencio Quiles, la Sra. Carmen Nazario y el Ledo. Benjamín Rivalta, en representa- *393 ción del Departamento de la Familia. La Leda. Ana Garcés asistió en representación del Departamento de Justicia. Ninguno de ellos hizo entrega de la información requerida en los subpeenas y reiteraron las razones que brindaron sus jefes de agencia para explicar por qué estaban impedi-dos de proveer los expedientes.
Mediante una comunicación escrita de 16 de noviembre de 2005, la Comisión apercibió a los Departamentos de la Familia y de Justicia que, de no entregar los documentos solicitados en o antes de 28 de ese mes, se les encontraría incursos en desacato al amparo del Art. 34-A del Código Po-lítico, 2 L.P.R.A. sec. 154a. En dicha comunicación se parti-cularizó la información requerida a ambos Departa-mentos. Al Departamento de la Familia se le requirió: (1) el historial del expediente del niño Matthew Elias Amigo y sus hermanos; (2) el referido inicial del caso; (3) las evaluaciones psicológicas de los padres dé los menores; (4) las evaluacio-nes psiquiátricas de los padres de los menores; (5) la eviden-cia escolar de los menores; (6) toda la documentación entre-gada por los padres de los menores, y (7) todos los requerimientos efectuados por el Departamento de la Fami-lia a los padres de los menores. Por su parte, se le requirió al Departamento de Justicia la entrega del expediente del niño Matthew Elias Amigo y de sus hermanos. Además, se le or-denó reproducir las mociones, las órdenes, las minutas y los procedimientos de descubrimiento de prueba.
El 9 de febréro de 2006, la Comisión requirió nueva-mente la asistencia de los peticionarios a otra vista ejecu-tiva para recibir su testimonio y los expedientes solicitados. El 17 de febrero de 2006, ambos Secretarios reiteraron sus posturas anteriores. Así las cosas, y de acuerdo con el procedimiento establecido en el Art. 34-A del Código Político, supra, el 22 de mayo de 2006 la Cámara de Representantes compareció ante el Tribunal de Primera Instancia por conducto de su Presidente, el representante José F. Aponte Hernández, y del representante Rolando *394 Crespo Arroyo, presidente de la Comisión (los recurridos). Mediante una “Petición Urgente”, solicitaron al foro prima-rio que citara a varios funcionarios de la Rama Ejecutiva; entre ellos: el Secretario de Justicia, Roberto Sánchez Ramos; la entonces ex Secretaria del Departamento de la Fa-milia, Yolanda Zayas Santana, y a la Secretaria Interina de dicho Departamento, la Sra. Marta Elsa Fernández, a los efectos de que no sólo comparecieran a testificar, sino a entregar todos los documentos relativos al caso del niño Matthew Ellas Amigo y sus hermanos.
El Tribunal de Primera Instancia concedió lo solicitado advirtiendo a los funcionarios y a la ex funcionaría citados que el poder de citación de la Asamblea Legislativa y la consecuente obligación de los citados a comparecer no obsta la facultad de éstos para esgrimir cualquier reclamo de confidencialidad sobre los expedientes peticionados. El Tribunal concluyó que el reclamo de confidencialidad que puedan hacer los funcionarios “es distinto a la obligación de comparecer al cuerpo [Ljegislativo a orientar a las [C]ámaras sobre el asunto en particular y/o a prestar tes-timonio que no esté sujeto a los reclamos válidos de confidencialidad”. Apéndice de la Petición de certiorari, pág. 115. Según el subpoena emitido por el Tribunal de Pri-mera Instancia, las partes debían comparecer ante la Asamblea Legislativa el 30 de mayo de 2006 bajo apercibi-miento de desacato.
De esta determinación acudieron en reconsideración los peticionarios Roberto Sánchez Ramos, Yolanda Zayas Santana y la entonces Secretaria Interina del Departamento de la Familia, Sra. Marta Elsa Fernández. Adujeron varios argumentos sobre la naturaleza ex parte de la citación emitida por el Tribunal de Primera Instancia que, por no ser pertinentes a la controversia, no esbozaremos. Repro-dujeron sus alegaciones sobre la improcedencia de los re-querimientos de información según la Ley Núm. 177 y la Regla 31 de Evidencia, supra. También alegaron que cons- *395 titula una violación a la doctrina de separación de poderes el que la Asamblea Legislativa, a través de una de sus comisiones, determinara cuáles de los funcionarios del Eje-cutivo debían comparecer ante dicho cuerpo a representar la posición institucional de la agencia. Según los peticiona-rios, le corresponde al Ejecutivo determinar quién debe comparecer ante la Asamblea Legislativa, a menos que se cite a determinada persona en calidad de testigo con cono-cimiento personal de unos hechos particulares, cosa que según los peticionarios no se colige del subpoena en cuestión. Finalmente, los peticionarios dijeron haber com-parecido a la vista ejecutiva de 5 de octubre de 2005, por lo cual no procedía que se les citara bajo apercibimiento de desacato.
El Tribunal de Primera Instancia acogió los plantea-mientos de los peticionarios. En su sentencia resolvió que la citación personal de los jefes de agencia es improce-dente, puesto que ésta va dirigida a que se exponga la po-sición institucional del Ejecutivo y no a testificar acerca de asuntos sobre los cuales dichos funcionarios tengan conoci-miento personal. Según el criterio del Foro de Primera Ins-tancia, la doctrina de la separación de poderes requiere que sean los jefes de agencia quienes determinen quién habrá de comparecer ante la Asamblea Legislativa. Razonó el tribunal que exponer la posición institucional de la agen-cia es, a fin de cuentas, un acto comprendido dentro de la gestión de hacer cumplir la ley y la política pública guber-namental, poder reservado exclusivamente a la Rama Ejecutiva. El Foro de Primera Instancia determinó que el acto de exponer la posición institucional, por su natura-leza, no requiere la participación personal del jefe del or-ganismo y, por ende, puede ser delegado en subalternos. De acuerdo con el Tribunal de Primera Instancia, las respec-tivas agencias comparecieron a través de sus representan-tes ante la Asamblea Legislativa en la vista ejecutiva de 5 de octubre de 2005, por lo que el remedio del Art. 34-A del *396 Código Político, supra (la citación bajo apercibimiento de desacato), no procedía.
En cuanto a la controversia sobre la información reque-rida, el foro primario resolvió que, según la Ley Núm. 177, supra, la información solicitada era confidencial, dado el imperativo interés público en la protección del derecho a la intimidad de los menores. El tribunal concluyó que la ci-tada Ley Núm. 177 no establece una excepción a la confi-dencialidad de la información a favor de la Asamblea Le-gislativa, por lo que al legislar y “por consideraciones de la más alta estima pública, [la propia Rama] autolimitó su poder investigativo”. Apéndice de la Petición de certiorari, pág. 161. Resolvió el tribunal que la Asamblea Legislativa debía seguir el procedimiento dispuesto para las investiga-ciones bona fide en el Art. 27 de la Ley Núm. 177, supra. Para el Tribunal de Primera Instancia, según la Regla 31 de Evidencia, supra, el Art. 13 de la Ley Núm. 205, supra, y a lo resuelto por este Tribunal en Santiago v. Bobb y El Mundo, Inc., 117 D.P.R. 153 (1986), no se puede obligar a un funcionario a que divulgue información si una ley la clasifica como confidencial, si está protegida por algún pri-vilegio evidenciario o si revelar dicha información tiene la posibilidad de lesionar derechos fundamentales de terceros. Por último, el Tribunal de Primera Instancia re-conoció la concurrencia de los procedimientos legislativos con varios procedimientos judiciales, en los cuales estaban vigentes “órdenes de mordaza”. Además de los casos civiles subjudice indicados,(2) señaló el Foro de Primera Instancia que se perfilaban casos criminales contra William Elias y Bernadette Virkler.(3) Al entender que no hubo incompare-cencia, el Tribunal procedió a declarar “no ha lugar” a la *397 solicitud de citación presentada por la Cámara de Representantes.
Los recurridos instaron su recurso de apelación ante el Tribunal de Apelaciones. Fundamentaron su reclamo en los amplios poderes investigativos que la Constitución le confirió a la Ramá Legislativa. Además, argumentaron que la sentencia del Tribunal de Primera Instancia confundía una orden de comparecencia personal indelegable a un funcionario del Ejecutivo con la responsabilidad de dicho funcionario ante el incumplimiento dé un subpoena diri-gido a la entidad gubernamental por la cual es responsable. Los recurridos explicaron que la Comisión re-cibió a los subalternos de las agencias objeto del subpoena, pero dichos funcionarios tampoco entregaron la informa-ción requerida, por lo que entendían que procedía el reme-dio solicitado al amparo del Art. 34-A del Código Político, supra.
El Tribunal de Apelaciones revocó la sentencia del Tribunal de Primera Instancia y dejó en pleno efecto la cita-ción denegada por dicho foro. El tribunal apelativo funda-mentó su dictamen en la jurisprudencia puertorriqueña aplicable, particularmente Romero Barceló v. Hernández Agosto, 115 D.P.R. 368 (1984), en tanto establece el amplio poder legislativo de investigación y su importante deber de fiscalización al Ejecutivo, facultades que se derivan de po-deres expresamente otorgados a la Asamblea Legislativa por la Constitución del Estado Libre Asociado de Puerto Rico. Según el Tribunal Apelativo, la citación emitida por la Asamblea Legislativa a los Secretarios de Justicia y Fa-milia forma parte esencial del trabajo constitucionalmente delegado a las comisiones legislativas.
Sobre la información pedida por la Comisión, el foro apelativo utilizó el análisis constitucional aplicable a las *398 controversias sobre el acceso a la información como parte del derecho a la libertad de expresión en una democracia. El foro intermedio concluyó que las investigaciones legisla-tivas están incluidas en el inciso (e) del Art. 27 de la Ley Núm. 177, supra, que dispone que entre las personas, ofi-ciales, funcionarios o agencias que tendrán acceso a los expedientes producidos en la ejecución de dicha ley se en-cuentra cualquier persona que realice una investigación bona fide de datos.
El Tribunal de Apelaciones también determinó que la orden de mordaza emitida por el Tribunal de Primera Ins-tancia en los casos pendientes iba dirigida sólo a los proce-dimientos judiciales, no a los legislativos. Además, señaló que los autos no revelan que la familia Elias Amigo haya reclamado algún privilegio de confidencialidad. Concluyó que no habiendo algún reclamo válido de confidencialidad, procedía la entrega de la información requerida, aunque señaló que “nada impide que la Asamblea Legislativa, ante un tema tan sensitivo, imponga las medidas cautelares que entienda prudentes según su reglamento y la Ley Núm. 177, supra, en beneficio de las partes concernidas, durante el proceso legislativo”. Apéndice de la Petición de certio-rari, págs. 19-20.
En el recurso de certiorari presentado ante este Tribunal, los peticionarios alegan que la Ley Núm. 177, supra, aplica a la Asamblea Legislativa y limita su acceso a los expedientes solicitados. Arguyen que la Comisión debe se-guir el procedimiento establecido en el Art. 27(e), supra, que remite cualquier solicitud de datos, en el curso de una investigación bona fide, a la anuencia del Secretario de Familia. Según su análisis, la Asamblea Legislativa limitó su poder investigativo y el Ejecutivo endosó dicha limita-ción mediante el proceso político de hacer y aprobar leyes. En cuanto a la violación a la doctrina de separación de poderes, alegan los peticionarios que la sentencia del Tribunal de Apelaciones menoscaba el poder del Ejecutivo *399 para escoger quién habrá de comparecer a una comisión legislativa para exponer la posición institucional de la agencia investigada. Por otro lado, los peticionarios aducen que las consecuencias constitucionales de reconocer unos poderes irrestrictos a la Rama Legislativa serían nefastas. En ese sentido, argumentan que los poderes irrestrictos de investigación implican la posibilidad de su ejercicio arbi-trario, con lo cual se podrían violar los derechos fundamen-tales de los menores involucrados al someter a escrutinio público la información incluida en sus expedientes.
Al acoger el recurso de certiorari, concedimos a los recu-rridos un término para comparecer. Con el beneficio de sus escritos, resolvemos que la citación enviada al Departa-mento de Justicia no procede por falta de jurisdicción, ya que la Resolución Núm. 2756 no delegó dicha encomienda a la Comisión. En cuanto a la citación cursada al Departa-mento de la Familia, resolvemos que ésta adolece de vicios en su notificación que impiden su ejecución, por lo cual este Tribunal no puede hacer cumplir los “subpoenas” emitidos por la Comisión de Bienestar Social de la Cámara de Re-presentantes al Departamento de Justicia y al Departa-mento de la Familia. Por tal razón, revocamos la sentencia del Tribunal de Apelaciones.
Lo pronunció y manda el Tribunal y lo certifica la Secre-taria del Tribunal. El Juez Presidente Señor Hernández Denton disintió con una opinión escrita. La Jueza Asociada Señora Fiol Matta emitió una opinión de conformidad, a la cual se unió el Juez Asociado Señor Rebollo López. El Juez Asociado Señor Rivera Pérez concurrió con una opinión escrita. La Juez Asociada Señora Rodríguez Rodríguez disintió sin opinión escrita.
(Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo

 Departamento de la Familia v. William Elias Rodríguez, casos Núms. NR-SF2005-0372 y NRSF-2005-0355.

 Los casos civiles Núms. NRSF2005-0372 y NRSF-2005-0355 están pendien-tes ante el Tribunal de Primera Instancia.

 Los casos criminales Núms. NSCR2006-00215 y NSCR2006-00216 sobre el maltrato a menores estaban pendientes de juicio, mientras que los casos Núms. NIVP2006-00346 y NIVP2006-00347, estaban pendientes de vista preliminar. El caso Núm. NIVP2006-00347 fue archivado.
*397 Al presente, los casos Núms. NSCR2006-00215, NSCR2006-00216 y NTVP2006-00346 (reclasificado como NSCR2006-1050) se encuentran pendientes ante el Tribunal de Primera Instancia.